LACEY, Appellant, vs. ESTATE OF HANRAHAN, Respondent.

*March 15—April 4, 1917.*

*Executors and administrators: Claim against decedent: Loan or payment? Evidence: Competency: Contents of letter: Attorney as witness: Admissions: Statements by claimant's wife.*

1. In an action based upon a claim against a decedent for money paid to him during his life, the question being whether it was a loan to him or a payment on account of an interest retained by him in a mortgage which he had assigned to his daughter (plaintiff's wife), an attorney who, acting merely as a scrivener, wrote a letter for the deceased to the plaintiff relative to the matter, was properly permitted to testify on behalf of defendant to the contents of such letter, but should not have been permitted to testify as to statements made to him by the deceased at that time.

2. It appearing that the assignment of the mortgage to plaintiff's wife was absolute, the burden was upon defendant to show that the deceased had reserved an interest therein; and that fact could be established in this case only by competent evidence that plaintiff had in some way acknowledged such a claim.

3. In such a case, statements made by plaintiff's wife to a third person, without his knowledge or authority, did not tend to establish any admission on his part; and statements made by the deceased and not brought home to the plaintiff were equally incompetent and inadmissible.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

The proceeding was begun by plaintiff, who filed a claim in the county court of Iowa county against the estate of John Hanrahan, Sr., deceased. Judgment was rendered in the county court in favor of the plaintiff and defendant appealed to the circuit court. In circuit court defendant had judgment and plaintiff brings this appeal.

For the appellant there was a brief by *Fiedler & Fiedler* of Mineral Point, and oral argument by *E. C. Fiedler.*

*Platt Whitman* of Highland, for the respondent.

ROSENBERRY, J. The question was whether the deceased, Hanrahan, retained any interest in certain moneys derived

from the sale of a mortgage which he conveyed to the wife of the plaintiff, she being the daughter of Hanrahan, during the winter of 1914–1915. Plaintiff claimed that he paid to the deceased $450, which was a loan and was to be repaid by Hanrahan in March, 1915, and made a claim against the estate accordingly. The claim of the defendant was that the money so paid by the plaintiff to Hanrahan was the property of Hanrahan, being an interest reserved by Hanrahan out of the mortgage given to his daughter.

It appeared by the evidence that in the winter of 1914–1915 the said Hanrahan visited the plaintiff and his wife, the daughter of the deceased, at their home in Iowa, and at that time assigned absolutely to the plaintiff's wife a mortgage for $3,000. She sold the mortgage, and the proceeds thereof were turned over to the plaintiff, her husband, and used by him in building a new home, this being the use for which the money was intended. In the spring of 1915 said Hanrahan went to Arthur Egan, Esq., an attorney at law, and requested Egan to write a letter for him, it appearing that Hanrahan could not write. Mr. Egan testified:

"Well, he told me that he had purchased a monument for his wife and he told me he had left $3,500 with Mr. and Mrs. Lacey, and he asked them to send him $500 of that $3,500, and he could keep the balance, they could keep the balance."

*Lacey* admitted having received a letter written by Egan asking for $450 or $500, but said that he made no response to it and sent no money. About ten days or two weeks later Hanrahan went to Mrs. Imhoff, a neighbor, and asked her to write another letter, which she says she addressed to plaintiff. This letter being lost, Mrs. Imhoff was permitted to testify to its contents and to testify to a conversation had between her and Hanrahan. She finally testified that the contents of the letter were as follows: "You keep the $2,500 I gave you, but send the $500. Send me my five hundred at once for I need the money, and to send it in care of Patrick Mc-

Cormick." Plaintiff claims that the letter was addressed to his wife, and that in addition to asking for money it contained a promise that Hanrahan would repay it the following March, and that in response to the second letter he sent a draft for $450 to the deceased, Hanrahan, in care of Mrs. Patrick McCormick. It appeared without dispute that before the money was received Hanrahan requested another son-in-law, Mr. Dolan, to go to Iowa for him for the purpose of securing a loan from plaintiff, and that to enable Mr. Dolan to make the trip he went to the home of Mr. Dolan and stayed with his family while he was gone. When Mr. Dolan arrived in Iowa, however, he found that the money had just been sent.

There is some dispute as to who wrote the letter inclosing the draft for $450 sent to Hanrahan. But Mrs. Lacey, without any authority from her husband, at or about the time the draft was sent, wrote another letter to Mrs. McCormick, and against the very vigorous objection of plaintiff's attorneys Mrs. McCormick was permitted to testify as to the contents of this letter, which, after much difficulty, was stated by the witness to be as follows:

"She says [meaning Mrs. Lacey], 'I am sending $450 to Pa, and that was money that he gave to me. That was money that he gave to me and now he wants to take it back—he is taking it back again. I wouldn't care if he paid it for the tombstone as he says he wants it—wants to do, but you know where it will go as well as I do.' "

The case was submitted to the jury practically without instruction, and the jury found that the $450 represented by the draft was the money of the deceased, Hanrahan, and defendant had judgment accordingly.

The error complained of relates to the testimony of Arthur Egan, which was claimed to be privileged. We think it clearly appears from the testimony that Mr. Egan acted merely as a scrivener and not as an attorney and that he was

correctly permitted to testify as to the contents of the letter, and that his testimony should be strictly confined to that and not to statements made to him by the deceased, Hanrahan.

It is said that the testimony of Mrs. McCormick as to the contents of the letter received by her from Mrs. Lacey was incompetent. We think this contention is correct. It appeared without dispute that the assignment of the mortgage to Mrs. Lacey was absolute. Therefore the burden was upon the defendant to establish by a preponderance of the evidence the fact that the deceased, Hanrahan, reserved some interest in the mortgage assigned to the daughter. The evidence as to that fact was at best very meager and the statements made by Mrs. Lacey might well have been considered by the jury as an admission binding upon plaintiff, and therefore we think the reception of this testimony was erroneous and prejudicial as to the plaintiff. The fact that the deceased, Hanrahan, retained some interest in the mortgage or its proceeds could only be established by competent evidence to the effect that plaintiff had in some way acknowledged such a claim. Statements made by plaintiff's wife to a third party, without his knowledge or authority, do not tend to establish any admission on the part of plaintiff. Statements made by Hanrahan and not brought home to plaintiff are equally incompetent and not admissible.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.